AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

In the Matter of the Tracking of )
)
Grey 2010 Chevrolet Impala, Nebraska license plates )
UJE-446 and VIN number 2G1WB5EK8A1184355 )  Case No. 8:17MJ302
)
)

**FILED**
US DISTRICT COURT
DISTRICT OF NEBRASKA
AUG 30 2017
OFFICE OF THE CLERK

**SEALED**

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841, 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
Grey 2010 Chevrolet Impala, Nebraska license plates UJE-446 and VIN number 2G1WB5EK8A1184355

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jonathan Edwards, DEA TFO
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 8-30-17

_____
*Judge's signature*

City and state: Omaha, Nebraska

Susan M. Bazis, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Jonathan A. Edwards, being first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am an Omaha police officer that has been employed as a Task Force Officer with the DEA since March 2014. After successfully completing the Iowa Law Enforcement Academy in 1995, I have held several different positions while in law enforcement as a sworn police officer in both Iowa and Nebraska including successfully completing the Omaha Police Department basic Academy in April 2002. I have had extensive training, which has provided me with a background and basis of knowledge relating to the investigation of drug related crimes and the enforcement of laws concerning controlled substances.

2. I submit this affidavit in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41(b)(4) to install and use, for a period of forty-five days, an electronic tracking device to ascertain the physical location(s) of a **Grey 2010 Chevrolet Impala, Nebraska license plates UJE-446 and VIN number 2G1WB5EK8A1184355, registered to Keevan DEAN at 3322 Charles St, Omaha, Nebraska.**

3. I am familiar with the facts and circumstances of the investigation through discussions with investigators from the Des Moines DEA group, other law enforcement investigators, and from review of the records and reports relating to the investigation set forth below. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another Federal Agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing court

orders authorizing the installation and/or secretion of electronic Global Positioning System (GPS) tracking device on a vehicle or vehicle(s), I have not included each and every fact known to me concerning this investigation. Facts not set forth herein, or in the attached exhibits, are not being relied upon in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application. I have set forth only the facts necessary to establish probable cause exists to believe that the Requested Information[1] will lead to evidence of offenses involving the distribution of a controlled substance, in violation of Title 21 U.S.C. 841 and Title 21 U.S.C. 846, as well as the identification of individuals who are engaged in the commission of these offenses. For the reasons set forth in this affidavit, there is probable cause to believe that violations of Title 21 U.S.C. Section 841(a)(1) and Title 21 U.S.C. Section 846 are being committed and will continue to be committed by Keevan DEAN and his co-conspirators. Furthermore, there is probable cause to believe that the vehicle herein identified may be used to commit violations of Title 21 U.S.C. Section 841(a)(1) and Title 21 U.S.C. Section 846 and that at least Keevan DEAN may use it for that purpose.

### TARGET VEHICLE

4.      **Grey 2010 Chevrolet Impala, Nebraska license plates UJE-446 and VIN number 2G1WB5EK8A1184355, registered to Keevan DEAN at 3322 Charles St, Omaha, Nebraska.**

### OVERVIEW OF THE INVESTIGATION

5.      On August 23, 2017, Task Force Officer (TFO) Jonathan Edwards and members of the Omaha DEA group 51A assisted members of the Des Moines, Iowa DEA Resident Office complete a pre-arranged controlled buy of approximately ½ pound of methamphetamine from Keevan DEAN to a DEA Undercover (UC) Agent.

6.      During the controlled buy, DEAN was positively identified and arrived at the predetermined location in Council Bluffs, Iowa while driving the TARGET VEHICLE to meet the UC and provided the

---

[1] Requested Information refers to the physical location of the Target Vehicle(s).

UC with approximately ½ pound of crystallized substance that was consistent in appearance to methamphetamine in exchange for $4,000 in US Currency.

7. Following the completion of the transaction, DEAN left the area in the TARGET VEHICLE as members of a DEA surveillance team followed him back into Omaha, Nebraska. During this surveillance, investigators observed DEAN demonstrate signs of performing counter surveillance as he made other stops while driving the TARGET VEHICLE. DEAN drove the TARGET VEHICLE at inconsistent speeds both above and below the speed limit, took indirect routes to various locations, parked at random locations, including residential driveways, for brief periods before continuing on without making physical contact with anybody. All of these maneuvers made it difficult to maintain surveillance on DEAN.

8. On August 29, 2017, your Affiant observed the TARGET VEHICLE parked in the driveway at 3322 Charles St in Omaha, Nebraska, which matches the registered address per Nebraska open source law enforcement databases.

9. Based on the foregoing, there is probable cause to believe the Requested Information will be evidence of a conspiracy to distribute controlled substances in violation of Title 21, U.S.C. Sections 841(a) and 846, involving Keevan DEAN and other identified and/or unidentified co-conspirators. More specifically, there is probable cause to believe that Keevan DEAN will utilize the Target Vehicle to facilitate and conduct drug trafficking activities and that the requested precise location data is critical in determining Keevan DEAN's activities and up-to-date location.

10. As part of this investigation, DEA personnel have not conducted a presumptive field test of the crystallized substance encountered on August 23, 3017, which, for reasons indicated above your Affiant has probable cause to believe it constitutes a controlled substance, as defined by the Controlled Substances Act of 1970, as amended, 21 U.S.C. § 801 *et seq.* The decision not to conduct such a test is due to the significant threat to law enforcement personnel, first responders, and members of the public by fentanyl, fentanyl-related substances, synthetic opioids, and other powders which may be composed in full, or in part, of one of these aforementioned substances. Only trained personnel, in a lab environment,

with necessary personal protective equipment (PPE), should be conducting such tests, and they should be conducted in a controlled, safe environment. Conducting tests in an uncontrolled environment, and without proper PPE, poses an undue risk and could result in serious bodily injury or death to those unknowingly exposed to fentanyl, fentanyl-related substances, or synthetic opioids.

## AUTHORIZATION REQUEST

11.   I make this affidavit in support of an application for order(s) allowing me and/or other Law Enforcement Officers to install and secrete on or in the Target Vehicle and to use (that is, monitor) in public and private areas, an electronic GPS tracking device. I am requesting that other Law Enforcement Officers and I be allowed to monitor the said tracking device for a period of forty-five (45) days. The electronic GPS tracking device will show the direction in which Target Vehicle is moving as well as the geographic position of Target Vehicle. The electronic GPS tracking device will be installed while it is in the District of Nebraska on Target Vehicle at a point in time when your affiant and/or other Law Enforcement Officers determine that the device may be safely and securely installed. It may be necessary to enter onto private property in order to effect the installation and/or removal of the electronic GPS tracking device and it may be necessary to surreptitiously move Target Vehicle in order to install, repair or remove the electronic GPS tracking device in order to ensure the safety of the Law Enforcement Officers involved and to prevent compromising the investigation.

12.   The installation of a mobile tracking device will greatly enhance the ability of officers to identify locations and subjects suspected to be involved in the delivery and distribution of controlled substances, assist investigators further identify the source or sources of controlled substances, and allow law enforcement to conduct consistent day-time and night-time surveillance without jeopardizing the safety of officers. Based on my training and experience, I am aware that physical surveillance by law enforcement is often defeated by a subject using counter-surveillance techniques when the subject is involved with criminal activity and use of an electronic GPS tracking device precision location data avoids the possibility that Law Enforcement Officers will be unable to locate the subject.

13.   IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of

the day or night, because of the potential need to locate Target Vehicle outside of daytime hours, in order to install the electronic GPS tracking device secretly under the cover of the darkness of the nighttime. Therefore, the undersigned respectfully requests the authority to install and/or remove the tracking device in either the daytime or nighttime hours.

14. In the event that the Court grants this application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours for forty-five (45) days, following the issuance of the Court's order. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

15. I further request that Law Enforcement Officers be permitted to recharge and to repair the electronic GPS tracking device as needed, by either physically securing the Target Vehicle in question or utilizing clandestine means, if necessary.

16. Upon termination of this order, I request that Law Enforcement Officers be permitted to secure the vehicle in question in order to remove and recover the device as needed, by either physically securing the vehicle in question or utilizing clandestine means, if necessary.

17. IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. Section 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of at least 30 days after termination of the monitoring of the tracking device, because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. This affidavit reveals an ongoing investigation and premature disclosure of this information may cause the targets of the investigation to alter their activities, flee the jurisdiction, and endanger the safety of the confidential informant and officers. It may be requested that such a period of delay thereafter be extended by the court for good cause shown.

18. IT IS FURTHER REQUESTED that the application and this affidavit, any order authorizing the installation of an electronic GPS tracking device, and all reports filed in response to any order, be sealed by the Clerk of the Court until further order of this Court, to avoid any premature disclosure of the existence of the above-described investigation, and better ensure the safety of Law Enforcement Officers

and others, except that working copies should be made available to the United States Attorney's Office, the FBI, and any other law enforcement agency designated by the United States Attorney's Office.

19. WHEREFORE, I respectfully request that the Court issue an order authorizing members of the Federal Bureau of Investigation, or their authorized representatives, including but not limited to other Law Enforcement Officers and Technicians assisting in the above-described investigation, to install an electronic GPS tracking device in or on Target Vehicle within the District of Nebraska within ten (10) calendar days of the issuance of the requested warrant, and to remove said electronic GPS tracking device from the subject vehicle after the use of the electronic GPS tracking device has ended; and to monitor the signals from that tracking device, for a period of forty-five (45) days following the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that Target Vehicle leaves the District of Nebraska but remain within the United States.

Jonathan A Edwards
Omaha Police Officer
DEA Task Force Officer

Subscribed and sworn before me this 30 day of August 2017,

Susan M. Bazis, United States Magistrate Judge
District of Nebraska

AO 104 (Rev. 11/13) Tracking Warrant

# UNITED STATES DISTRICT COURT
for the

District of Nebraska

In the Matter of the Tracking of )
*(Identify the person, property, or object to be tracked)* )
) Case No. 8:17MJ302
Grey 2010 Chevrolet Impala, Nebraska license plates )
UJE-446 and VIN number 2G1WB5EK8A1184355 )
)
)

**COPY**

**SEALED**

## TRACKING WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district;   ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;   ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☑ using the object   ☐ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: Grey 2010 Chevrolet Impala, Nebraska license plates UJE-446 and VIN number 2G1WB5EK8A1184355

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by ___September 8, 2017___ *(not to exceed ten days)* and may continue use for ___45___ days *(not to exceed 45).* The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☑ into the vehicle described above      ☐ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* ___Susan M. Bazis___ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for ___30___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___8-30-17 at 1:16pm___  ___Susan M Bazis___
                                                *Judge's signature*

City and state:  ___Omaha, NE___         ___Susan M. Bazis, United States Magistrate Judge___
                                              *Printed name and title*

AO 104 (Rev. 11/13) Tracking Warrant (Page 2)

Case No. 8:17MJ302

### Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____

### Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title